UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LESTER GERARD MORAN (#127405)

VERSUS                                         CIVIL ACTION

JAMES LEBLANC, ET AL                           NUMBER 12-278-BAJ-SCR

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Nathan Cain, Asst. Warden Kenneth Norris, Dy. Warden Darryl Vannoy, Dr. James Collins, Dr. Momah, Hunt Correctional Center, East Baton Rouge Parish Prison and Earl K. Long Hospital.

Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights. Specifically, the plaintiff alleged that since his incarceration in early 1990, medical personnel at various prison facilities failed to provide him blood test results and information about any illness he may suffer.

Plaintiff alleged that on April 4, 2011, he was examined by an emergency medical technician (EMT) for complaints of swollen neck glands. Plaintiff alleged that three weeks later he was examined by Dr. Collins and was told that his examination was normal. Plaintiff alleged that Dr. Collins explained that the swollen

glands were probably due an infection or virus.  Plaintiff alleged that Dr. Collins refused to order blood tests.

Plaintiff alleged that on April 30, 2011, he declared himself a medical emergency and was examined by an EMT who detected a mass under his jaw but failed to sent him directly to the hospital for treatment.  Instead, the EMT ordered the plaintiff Tylenol® and Cepacol® but he never received the medication.  Plaintiff alleged that three months later he was examined by Dr. Momah who also prescribed Cepacol® but did not order any laboratory tests.

Plaintiff alleged that defendants Warden Cain, Asst. Warden Norris and LeBlanc denied his request for administrative remedies even though it is clear that his medical condition is terminal.

Plaintiff alleged that the defendants have conspired to murder him by failing to diagnose and treat him for an unidentified illness which will eventually kill him if left untreated.

Plaintiff filed a Motion to Proceed In Forma Pauperis. Record document number 2.

Plaintiff previously alleged essentially the same facts involved in this action in *Lester Gerard Moran v. Gov. Bobby Jindal, et al*, CV 11-328-RET-SCR.  That complaint was dismissed for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, with prejudice to his refiling the same claims in forma pauperis.  Plaintiff cannot overcome the in forma pauperis bar imposed in CV 11-328-RET-SCR by joining additional claims in this action.

Therefore;

IT IS ORDERED that the plaintiff's Motion to Proceed In Forma Pauperis is denied.

IT IS FURTHER ORDERED that the plaintiff is granted 21 days from the date of this order to pay the court's filing fee in the amount of **$350**.

**The filing fee must be paid in full in a single payment. No partial payment of fees will be accepted.** Failure to pay the filing fee within 21 days shall result in the dismissal of the plaintiff's complaint without prejudice.

Baton Rouge, Louisiana, May 15, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE