UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LESTER GERARD MORAN (#127405)

VERSUS                                              CIVIL ACTION

JAMES LEBLANC, ET AL                                NUMBER 12-278-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 22, 2013.

                                              */s/ Stephen C. Riedlinger*
                                       STEPHEN C. RIEDLINGER
                                       UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LESTER GERARD MORAN (#127405)

VERSUS                                                CIVIL ACTION

JAMES LEBLANC, ET AL                                  NUMBER 12-278-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the order to the plaintiff to show cause why the complaint should not be dismissed for failure to serve the defendants pursuant to Rule 4(m), Fed.R.Civ.P.  Record document number 23.

On September 24, 2012, an Order to Show Cause was issued requiring the plaintiff to show cause why his complaint should not be dismissed for failure to serve timely the defendants pursuant to Rule 4(m), Fed.R.Civ.P.  In his response to that show cause order, the plaintiff stated that he mailed a copy of the complaint to an unidentified attorney who represents the Department of Corrections.[1]  Plaintiff asserted that he also sent a letter to the clerk of court inquiring about service fees.

Plaintiff's response to the Order Show Cause was treated as a motion to have the United States Marshal appointed to serve the defendants, and as such was granted.[2]  Plaintiff was ordered to

---

[1] Record document number 15.

[2] Record document number 18.

arrange for payment of the U.S. Marshal's service fees, to complete a summons and a United States Marshal Form 285, and to file both with the Clerk of Court.  Upon receipt of payment of the service fees, the United States Marshal was ordered to serve the defendants wherever found.  Plaintiff was granted an additional 45 days to obtain service of process on the defendants.  Plaintiff was placed on notice that the failure to comply with the order may result in the dismissal of the plaintiff's complaint pursuant to Rule 4(m).

A review of the record showed that none of the defendants filed an answer or other responsive pleading, nor otherwise made an appearance, and the record does not contain any evidence that the defendants have been served with a summons and the complaint.  The U.S. Marshal advised that the plaintiff has not paid the service fee deposit, and the Form 285 sent to the plaintiff on December 17, 2012 has not been returned.

Plaintiff was again ordered to show cause on February 15, 2013, why his complaint should not be dismissed for failure to serve the defendants pursuant to Rule 4(m).[3]  Plaintiff was again placed on notice that the failure to comply with the order may result in dismissal of the complaint.  Plaintiff failed to respond to the order to show cause.

Under Rule 4(m) a district court is permitted to dismiss a

---

[3] Record document number 23.

case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. *Id*.

To establish good cause, a plaintiff has the burden of demonstrating "*at least* as much as would be required to show excusable neglect...." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice...." *Id*. In addition, "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required." *Id*. (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969)). It is "irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days." *Id*. at 1305-06.

An incarcerated pro se plaintiff is "entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such fault is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). However, if the failure to timely effect service is due to the "dilatoriness or

3

fault" of the plaintiff, he will be unable to show good cause for such failure. *Id*.

The record evidence supports a finding that the failure to timely effect service was due to the "dilatoriness or fault" of the plaintiff, and that the plaintiff has not shown good cause for failure to timely service the defendants.

Even without a showing of good cause, the court may exercise its discretion to extend the time for service. However, a review of the record does not support such an extension. Plaintiff was granted an extension of time to serve the defendants, given explicit instructions to follow, and failed to follow them - knowing the consequence may be dismissal of his complaint. There is no reason to believe he would comply with those instructions now if given additional time to so.

## RECOMMENDATION

It is the recommendation of the magistrate judge the plaintiff's complaint be dismissed, without prejudice, pursuant to

Rule 4(m), Fed.R.Civ.P.[4]

Baton Rouge, Louisiana, February 22, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4]   It is well established that a dismissal without prejudice is permitted by Rule 4(m) even when a re-filed complaint would be time-barred.  *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir. 1985); *McDonald v. United States*, 898 F.2d 466 (5th Cir. 1990); *Traina v. United States*, 911 F.2d 1155 (5th Cir. 1990); *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993);  *contra Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008)(applying Rule 41(b) standard to Rule 4(m) dismissal).

5